# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. BELL,<br><br>                Plaintiff,<br><br>v.<br><br>BLUE HEN SPRING WORKS INC., et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:15-CV-01753<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

## REPORT AND RECOMMENDATION

### I. BACKGROUND

This federal civil action was initiated by the filing of a *pro se* complaint and a motion for leave to proceed *in forma pauperis* on September 9, 2015. (Doc. 1). The matter was referred to the undersigned Untied States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1).

In his complaint, *pro se* Plaintiff James C. Bell asserts claims of race discrimination in violation of 42 U.S.C. § 1981(a) and a civil conspiracy in violation of 42 U.S.C. § 1985(3), stemming from Plaintiff's dissatisfaction with the customer service he received on February 9, 2015, by an employee of Blue Hen Springs Works Inc., who was apparently assisting Plaintiff in locating and ordering an "automotive Allen screw." Specifically, Plaintiff alleges that this employee exhibited racial bias towards Plaintiff by "Ask[ing]; in a Sorta-Kinda; Nice/ Nasty Voice; . . . WHERE ARE YOU, FROM?" while Plaintiff was in the midst of making the purchase at the service counter. (Doc. 1, at 7).

II. **D**ISCUSSION

In a civil action where jurisdiction is not founded solely on diversity of citizenship, as is the case here, 28 U.S.C. § 1391(b)—the general federal venue statute—controls where venue is proper. Pursuant to this section, venue may lie:

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Based upon the Court's preliminary review of the facts alleged in the complaint, it is clear that venue is not proper in this judicial district, as no Defendant resides in the Middle District of Pennsylvania, and none of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Pennsylvania. Quite the contrary, the complaint reveals that most—if not all—of the Defendants named in this action reside in Delaware. Furthermore, as described by Plaintiff, "[t]he Unlawful, Practices, of Captioned,- Defendant's, were ILLEGALLY COMMITTED, in the ["Racist:], 01st State, / District of Delaware." (Doc. 1, at 4). Indeed, it is clear from these allegations that the purported discriminatory events forming the basis of Plaintiff's complaint transpired exclusively within the District of Delaware. *See* 28 U.S.C. § 1391(b)(2). Therefore, venue does not lie in this district, but rather, in the United States District Court for the District of Delaware. 28 U.S.C. § 87.

Where venue is improper, 28 U.S.C. § 1406(a) authorizes the district court of a district in which the case is filed to either dismiss the action, or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In the matter *sub judice*, the Court finds that transfer of this action to the United States District

Court for the District of Delaware for further proceedings is appropriate in order to protect the Plaintiff's rights as a *pro se* litigant, as a transfer would prevent any unintended prejudice to the Plaintiff that might result from dismissal on venue grounds. *See Burnett v. N.Y. Cent. R. Co.,* 380 U.S. 424, 430 (1965). Therefore, in the interest of justice, the undersigned will respectfully recommend that this case be transferred to the United States District Court for the District of Delaware.

As a final matter, it is crucial to note that the court is permitted to *sua sponte* raise the issue of an apparent lack of venue, provided however, that the court gives the plaintiff notice and an opportunity to respond. *See e.g., Stjernholm v. Peterson,* 83 F.3d 347, 349 (10th Cir. 1996) ("[A] district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") (quoting *Lipofsky v. N.Y. State Workers Comp. Bd.,* 861 F.2d 1257, 1259 (11th Cir. 1988)); *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir. 1986); *see also McMillian v. Walsh,* No. 1:13-CV-3085, 2014 WL 314423, at *3 (M.D. Pa. Jan. 28, 2014). Therefore, this Report and Recommendation functions as sufficient notice to the Plaintiff that the Court is considering *sua sponte* transfer of this action for improper venue, as the claims and Defendants are not properly brought in this judicial district. *See Barto v. Westmoreland Cnty.,* 2011 WL 926096, at *8 n.8 (W.D. Pa. Jan. 27, 2011) ("[T]his Report and Recommendation also serves as the necessary notice and gives [plaintiff] the opportunity to be heard by filing objections.") (quoting *Magouirk v. Phillips,* 144 F.3d 348, 359 (5th Cir. 1998)).

### III.   RECOMMENDATION

Based upon the foregoing, it is respectfully recommended that this action be transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a)

for further proceedings. Moreover, it is recommended that a ruling on Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be deferred to the transferee court.  *See e.g.*, *Picone v. Ne. Ohio Corr. Ctr.*, No. 2:15-CV-01057, 2015 WL 5782074, at *3 (W.D. Pa. Sept. 30, 2015).

BY THE COURT:

Dated: April 14, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES C. BELL,<br><br>        Plaintiff,<br><br>v.<br><br>BLUE HEN SPRING WORKS INC., et al.,<br><br>        Defendants. | CIVIL ACTION NO. 1:15-CV-01753<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 14, 2016.** Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: April 14, 2016**
                                                    *s/ Karoline Mehalchick*
                                                    KAROLINE MEHALCHICK
                                                    United States Magistrate Judge